# IN THE COURT OF APPEALS OF IOWA

No. 24-0634
Filed June 18, 2025

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JOSHUA NICHOLAS KRYSL,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Woodbury County, Roger L. Sailer, Judge.

        A criminal defendant appeals his discretionary sentence and challenges the procedure by which a victim impact statement was read.  **AFFIRMED.**

        Leah Patton of Patton Legal Services, LLC, Ames, for appellant.

        Brenna Bird, Attorney General, and Zachary Miller, Assistant Attorney General, for appellee.

        Considered without oral argument by Ahlers, P.J., and Badding and Buller, JJ.

**BULLER, Judge.**

Joshua Krysl challenges the district court's consideration of a victim impact statement read by the prosecutor and its decision to run a misdemeanor sentence consecutively to two felony sentences. We affirm.

## I. Background Facts and Proceedings

Before the crimes at issue here, Krysl was convicted of sexual abuse in the third degree and required to register as a sex offender. He failed to register in 2023. That same year, he tried to convince a sixteen-year-old girl to send him "nudes" by text messages. And the year before, he tried to lure a twelve-year-old boy to spend the night at his house to perform sex acts on him.

As part of a plea agreement[1] relating to these crimes, Krysl pled guilty to three offenses: enticing a minor, a class "C" felony in violation of Iowa Code section 710.10(1) (2022); sexual exploitation of a minor, a class "C" felony in violation of section 728.12 (2023); and failure to register as a sex offender, an aggravated misdemeanor in violation of section 692A.111(1). Another charge— enticing a minor, a class "D" felony in violation of section 710.10(2)—was dismissed pursuant to the plea agreement.

In the assistant county attorney's words, "the State failed to notify the victims of [the] sentencing hearing." She explained that she was able to speak with one of the minor victims' mothers by phone, and the mother provided "some statements that she would like [conveyed] to the Court on their behalf since they

---

[1] We recognize the agreement indicates that Krysl appealing the plea or sentence "shall constitute a breach of this plea agreement." Neither party has informed us whether the State has sought to set aside the pleas and reinstate the original charges. So we decline to address the question of breach.

are unable to be present in the courtroom." The court permitted the assistant county attorney to recite the victim impact statement because the mother fit the statutory definition of "victim." *See* Iowa Code § 915.10(3) (defining "victim").

Krysl's attorney recommended probation and concurrent sentences. He highlighted mitigating factors, including how Krysl's criminal history was largely perpetrated as a juvenile rather than adult, the availability of community-based resources for rehabilitation, as well as Krysl's age (twenty-two as of sentencing), education level, and prior abuse and mental-health diagnoses. The pre-sentence investigation report (PSI) recommended incarceration and noted that Krysl's "top criminogenic needs to work on are sense of entitlement, impulse control[,] and problem solving." The assistant county attorney argued the two felony prison sentences should run consecutively to each other and concurrently with the two-year misdemeanor sentence, totaling twenty years, based on the nature of the offense, Krysl's failure to rehabilitate, his recidivism, and his risk of reoffense.

The court sentenced Krysl to concurrent terms in prison for the felonies and ran the misdemeanor term consecutively, for a total of twelve years. In addition to the reasons listed in the sentencing order, the district court at the sentencing hearing explained:

> The term of incarceration [for failure to register as a sex offender] is ordered to be served consecutively with the sentences imposed in the two felony cases. The reason for the consecutive sentencing is the separate nature of the offenses.
> The Court acknowledges that the two felony cases also represent separate offenses involving separate victims but finds a concurrent sentence appropriate for those, but finds that a separate sentence should be set for the failure to register as a sex offender as required.
> In fashioning the sentence imposed here, the Court has considered the following factors: The rehabilitation of the defendant;

the protection of the community from further offenses by this defendant; the nature of the offenses; the circumstances of the offenses; and, of course, the plea agreement.

The Court does believe that the sentence imposed will provide for the maximum opportunity for the defendant's rehabilitation and protect the community from further offenses by this defendant.

Krysl appeals, raising challenges related to the victim impact statement and the sentence imposed.

## II.      Error Preservation

Krysl argues that the victim impact statement should not have been considered by the district court because the prosecutor read it aloud. *See* Iowa Code § 915.21(1)(a)–(e) (listing methods by which a victim may present an impact statement). The State contests error preservation because Krysl did not object below. Under our published case law, this is a sentencing-procedure challenge that had to be preserved for us to review. *See State v. Voshell*, 12 N.W.3d 1, 4 (Iowa Ct. App. 2024) (collecting cases and concluding that "a criminal defendant must object to preserve a claim that a victim impact statement is not authorized by statute"). Because Krysl did not timely challenge the prosecutor reading the victim impact statement below, we cannot reach the merits of this claim. *Id.*

## III.      Standard of Review

"[T]he decision of the district court to impose a particular sentence within the statutory limits is cloaked with a strong presumption in its favor, and will only be overturned for an abuse of discretion or the consideration of inappropriate matters." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). "[O]ur task on appeal is not to second guess the decision made by the district court, but to determine if it was unreasonable or based on untenable grounds." *Id.* at 725.

Specific to consecutive sentences, the rationale for consecutive terms may be the same reasons warranting incarceration, but they must be explicitly stated. *State v. Hill*, 878 N.W.2d 269, 275 (Iowa 2016).

## IV. Discussion

Krysl first argues the district court "impliedly considered" unproven conduct and other facts outside the record from the victim impact statement at sentencing, despite not "specifically mention[ing] the victim impact statement in its sentencing decision." To the extent we can reach this issue absent an objection below, "we trust that our district courts, when weighing [victim impact] statements as part of the sentencing determination, will filter out improper or irrelevant evidence." *State v. Sailer*, 587 N.W.2d 756, 764 (Iowa 1998). Absent "clear evidence to the contrary, we assume the district court did so." *Id.* And it's Krysl's burden to provide clear evidence the court considered improper information from the victim impact statement. *See State v. McCalley*, 972 N.W.2d 672, 677 (Iowa 2022). Krysl did not meet his burden here. And he concedes there is nothing explicit in the record that demonstrates the district court relied on this statement in determining the prison sentence. We are also not convinced the information was improper in the first place, as it was somewhat vague and did not clearly relate to a particular unproven offense or demonstrate anything beyond the crime's impact on the victim, which is permissible. *See* Iowa Code § 915.21(2)(c), (e). We find no error or abuse of discretion relating to the victim impact statement.

Krysl next claims the district court abused its discretion by not crediting mitigating factors or giving sufficient reasons for running the misdemeanor conviction consecutively to the felonies. "A sentencing court is required to state

on the record its reason for selecting a particular sentence in order to make a defendant aware of the consequences of the defendant's actions and to give an appellate court the ability to review the discretion exercised by the district court." *State v. Phillips*, 996 N.W.2d 419, 421 (Iowa Ct. App. 2023). But the court need not specifically address each mitigating factor claimed by a defendant in providing its reasoning. *State v. Boltz*, 542 N.W.2d 9, 11 (Iowa Ct. App. 1995).

We find no abuse of discretion in the reasons for sentencing here. The court gave adequate explanation by considering "[t]he rehabilitation of the defendant; the protection of the community from further offenses by this defendant; the nature of the offenses; the circumstances of the offenses; and, of course, the plea agreement." And the court supplemented this reasoning in its written order by considering the "maximum opportunity" for rehabilitation, "protection of the community from further offenses," Krysl's age, prior criminal record, employment, "family circumstances," the "nature of the offense committed," the PSI, the plea agreement, and the victim impact statement. Many of the mitigating factors argued by Krysl—like his age, employment history, childhood abuse, rehabilitation opportunities, and criminal history—were addressed in the reasons for sentencing by the court. While the court was not required to address every mitigating factor argued, "the failure to acknowledge a particular sentencing circumstance does not necessarily mean it was not considered." *Id.*

We also find no abuse of discretion in the decision to run the two-year indeterminate misdemeanor sentence consecutively with the two concurrent felony sentences. The court below reasoned that "the separate nature of the offenses" warranted consecutive sentencing and "that a separate sentence should be set for

the failure to register as a sex offender as required." And in its written order, the court reiterated the consecutive sentences were based on "the separate and serious nature of the offenses." A defendant's commission of separate offenses is a statutorily proper basis for consecutive sentences. Iowa Code § 901.8 (authorizing consecutive sentences "[i]f a person is sentenced for two or more separate offenses"). We discern no abuse of discretion.

**AFFIRMED.**